UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Mustin,                                                            Case No. 3:21-cv-1987

        Plaintiff,

v.                                                                                    ORDER

Matthew Guiller, *et al.*,

        Defendants.

In December 2019 and in the months that followed, *pro se* Plaintiff Keith Mustin was incarcerated at the Marion Correctional Institution in Marion, Ohio, where he was assigned to work in food service. (Doc. No. 1 at 1, 7). He alleges that, during this time, the institution: served raw, undercooked, and expired food; failed to provide Muslim inmates with adequate nutrition; failed to provide meals that complied with the tenets of the faith of Muslim inmates; failed to properly train inmates to work in the food service department; and permitted unsanitary and unsafe conditions despite being made aware of those conditions. (*Id.* at 5-9). Mustin asserts claims for the alleged violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against Matthew Guiller, Ryan James, Melody Bianchi, Heather Pack, Melissa Atkins, Michelle Turner, and Steve Hartford. (*Id.* at 3). Each of these defendants is employed by the Ohio Department of Rehabilitation and Correction (the "ODRC") or Aramark Corporation, a private company which contracts with the ODRC to provide food service at Marion Correctional and other ODRC institutions. (*Id.*).

This is not Mustin's first lawsuit against these Defendants or arising from these alleged events. As he concedes, (Doc. No. 1 at 1), he previously sued the same seven Defendants, plus two

other Aramark employees, in a 2020 filing assigned to my colleague, Senior United States District Judge James G. Carr. *See* Case No. 3:20-cv-755. In that case, Judge Carr reviewed the complaint and the parties' briefing before granting the defendants' Rule 12(b)(6) motions to dismiss Mustin's complaint for failure to state a claim upon which relief could be granted. *Mustin v. Guiller*, 563 F. Supp. 3d 715 (N.D. Ohio 2021).

The Defendants in this case have moved to dismiss Mustin's claims, arguing those claims are barred by the doctrine of claim preclusion. (Doc. Nos. 5 and 5-1). Mustin argues this case is not barred because the current complaint "is not considered a duplicate copy of [the 2020] Complaint." (Doc. No. 9 at 3).

But that is not the operative test. Claim preclusion prevents a party from litigating claims which were or should have been raised in an earlier lawsuit if there is: "(1) 'a final judgment on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privies'; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979), and *Wilkins v. Jakeway*, 183 F.3d 528, 532, 535 (6th Cir. 1999)).

Mustin's claims fall squarely within the claim preclusion bar. Mustin acknowledges the two cases arise from the same set of circumstances. (Doc. No. 1 at 1). The earlier suit ended in a final judgment on the merits, the seven Defendants in this suit were named as defendants in the 2020 case, and all of Mustin's claims were or should have been raised in the earlier case. I conclude this case is barred by the doctrine of claim preclusion.

Mustin also offers a variety of other arguments, but none of those arguments address claim preclusion. Because Mustin cannot overcome this foundational hurdle, I need not address his other arguments.

"A complaint is frivolous if it has no arguable basis in law or fact." *Hill v. Michigan*, 14 F. App'x 401, 403 (6th Cir. 2001). Judge Carr already entered a judgment against Mustin on the merits of Mustin's earlier claims arising from the same set of circumstances involved in this case. The doctrine of claim preclusion plainly applies, and Mustin's attempt to bring the same or additional claims from those circumstances lacks any basis in the law. Therefore, I dismiss this case as frivolous.[1]  28 U.S.C. § 1915(e)(2).

Further, pursuant to 28 U.S.C. § 1915(a)(3), I conclude an appeal from this decision could not be taken in good faith and should not be permitted without prepayment of the filing fee.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] Mustin also has had a third case dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Memorandum Opinion and Order, *Mustin v. Franklin*, No. 3:18-cv-2281 (N.D. Ohio Mar. 29, 2019). *See also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020) (holding dismissals without prejudice for failure to state a claim count as strikes under the Prison Litigation Reform Act and § 1915(g)).